**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **JOHN PAUL SALINAS #2568870** | § | |
| | § | |
| **V.** | § | **W-26-CA-269-ADA** |
| | § | |
| **TDCJ-CID DIRECTOR** | § | |

**ORDER**

Before the Court is John Paul Salinas's application for habeas corpus relief filed on April 27, 2026. The application was unsigned and included an attachment explaining that he will submit a signed verification "as soon as it becomes available." On May 1, 2026, the Court received a "verification" signed by Salinas and stating that the facts in the petition were true to the best of his knowledge (#4). Petitioner's application, however, is wholly conclusory, listing only broad grounds of relief with no accompanying explanations for his claims.

On April 28, 2026, the Court ordered the Clerk to provide Petitioner with forms for filing a federal habeas corpus petition because his petition lacked sufficient facts. The Court also ordered Petitioner to show cause why his petition should not be dismissed for failure to exhaust state court remedies. Petitioner was instructed to file

1

the forms and respond to the show cause order by May 28, 2026. To date, Petitioner has not responded to the Court's orders.

A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). A review of the state court records and Petitioner's habeas application indicates that, as Petitioner admits in his application, he has not filed a state habeas corpus petition, and therefore Petitioner has not yet exhausted his claims in state court. While the habeas application indicates Petitioner "intends to promptly file an application" for state habeas relief, he has not done so. Petitioner asserts that he is filing his federal petition to preserve his rights while he pursues state court remedies.

Petitioner previously filed a habeas petition which the Court dismissed, in part, due to his failure to exhaust. *Salinas v. Director*, 6:26-CV-209 (W.D. Tex. Apr. 10, 2026). As the Court previously explained, a petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court suggested that a petitioner who has failed to exhaust state court remedies may file a protective petition in federal court and request a stay to avoid the running of the AEDPA limitations period where he harbors doubt as to whether his state application is "properly filed" so as to toll the statute of limitations under § 2244(d)(2). *Id.* at 416. The Supreme Court authorized a protective petition where there

was "reasonable confusion about whether a state filing would be timely" for purposes of tolling the AEDPA limitations period. *Id.*

Here there is no such confusion. There is no question that Salinas has not properly filed a state habeas application. Indeed, he has filed no state habeas application at all, by his own admission. The purpose of *Pace* is not to allow a petitioner to file a federal habeas petition before they even begin to pursue state court remedies.

Petitioner has not yet presented all of his claims to the Texas Court of Criminal Appeals because none of Petitioner's claims have been reviewed yet by that court. While the exhaustion requirement can be excused when exceptional circumstances exist, *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993), Petitioner alleges no facts that show any exceptional circumstances present in this case warranting federal intrusion at this juncture. The Court finds that Petitioner has failed to exhaust his state court remedies, has failed to show that he is entitled to file a protective petition, and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

Therefore, the Court dismisses Petitioner's Application for Writ of Habeas Corpus without prejudice for failure to exhaust available state court remedies.

<u>CERTIFICATE OF APPEALABILITY</u>

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial or dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

Accordingly, it is **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

It is finally **ORDERED** that a certificate of appealability is hereby **DENIED**.

**SIGNED** on June 4, 2026

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE